# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the Untied States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
GLENN and JUDUTH CUTHBERT

## DEFENDANTS
HONEYWELL INTERNATIONAL, F/K/A ALLIED SIGNAL, INC.,

Successor in interest to Bendix Corporation

### (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
COUNTY, NJ
**(EXCEPT IN U.S. PLAINTIFF CASES)**
BUCKS COUNTY

### COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT MORRIS
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

### (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Anapol, Schwartz, Weiss, Cohan, Feldman & Smalley
1900 Delancey Place
Philadelphia, PA 19103
215-790-4572

### ATTORNEYS (IF KNOWN)

Rawle & Henderson LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107
(215) 575-4200

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
(PLACE AN "X" IN ONE BOX DEFENDANT)

- ❑ 1 U.S. Government Plaintiff
- **X** 3 Federal Question (U.S. Government Not a Party)
- ❑ 2 U.S. Government Defendant
- ❑ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated or Principal Place of Business in this State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated and Principal Place of Business in Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ❑ 1 Original Proceeding
- **X** 2 Removed from State Court
- ❑ 3 Remanded from Appellate Court
- ❑ 4 Reinstated or Reopened
- ❑ 5 Transferred from another district (specify)
- ❑ 6 Multidistrict Litigation
- ❑ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ❑ 610 Agriculture | ❑ 422 Appeal 28 USC 158 | ❑ 400 State Reapportionment |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 362 Personal Injury-- | ❑ 620 Other Food&Drug | | |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Liability | Med Malpractice | ❑ 625 Drug Related Seizure of Property 21, USC 881 | ❑ 423 Withdrawal 28 USC 157 | ❑ 410 Antitrust |
| ❑ 140 Negotiable Instrument | | ❑ 365 Personal Injury-- | | | ❑ 430 Banks and Banking |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | ❑ 320 Assault, Libel & Slander | Product Liability | | **PROPERTY RIGHTS** | ❑ 450 Commerce/ICC Rates/etc. |
| | ❑ 330 Federal Employers' Liability | ❑ 368 Asbestos Personal Injury Product Liability | ❑ 630 Liquor Laws ❑ 640 R.R. & Truck | ❑ 820 Copyrights | ❑ 460 Deportation ❑ 470 Racketeer Influenced and Corrupt Organizations |
| ❑ 151 Medicare Act | | | ❑ 650 Airline Regs | ❑ 830 Patent | |

0692373.01

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 9 152 | Recovery of Defaulted Student Loans (Excl. Veterans) | 9 340 9 345 | Marine Marine Product | **PERSONAL PROPERTY** | | 9 660 | Occupational Safety/Health | 9 840 | Trademark | 9 810 9 850 | Selective Service Securities/Commodities/ Exchange Customer Challenge 12 USC 3410 |
| 9 153 | Recovery of Overpayment of Veteran's Benefits | 9 350 9 355 | Liability Motor Vehicle Motor Vehicle Product Liability | 9 370 9 371 9 380 | Other Fraud Truth in Lending Other Personal Property Damage | 9 690 | Other **LABOR** | | | 9 875 | |
| 9 160 | Stockholders' Suits | | | | | 9 710 | Fair Labor Standards Act | 9 861 9 862 | HIA (1395ff) Black Lung (923) | 9 891 | Agricultural Acts |
| 9 190 | Other Contract | 9 360 | Other Personal Injury | 9 385 | Property Damage Product Liability | | | 9 863 | DIWC/DIWW (405(g)) | 9 892 | Economic Stabilization Act |
| 9 195 | Contract Product Liability | | | | | 9 720 | Labor/Mgmt. Relations | 9 864 9 865 | SSID Title XVI RIS (405(g)) | 9 893 9 894 | Environmental Matters Energy Allocation Act |
| | **REAL PROPERTY** | | **CIVIL RIGHTS** | | **PRISONER PETITIONS** | 9 730 | Labor/Mgmt. Reporting & Disclosure Act | | **FEDERAL TAX SUITS** | 9 895 | Freedom of Information Act |
| 9 210 | Land Condemnation | 9 441 | Voting | 9 510 | Motions to Vacate Sentence | | | 9 870 | Taxes (U.S. Plaintiff or Defendant) | 9 900 | Appeal of Fee Determination Under Equal Access to Justice |
| 9 220 | Foreclosure | 9 442 | Employment | | | 9 740 | Railway Labor Act | | | | |
| 9 230 9 240 | Rent Lease & Ejectment Torts to Land | 9 443 | Housing/ Accommodations | 9 530 9 540 | Habeas Corpus Mandamus & Other | 9 790 | Other Labor Litigation | 9 871 | IRS - Third Party 26 USC 7609 | 9 950 | Constitutionality of State Statutes |
| 9 245 | Tort Product Liability | 9 444 | Welfare | 9 550 | Civil Rights | | | | | | |
| 9 290 | All Other Real Property | 9 440 | Other Civil Rights | | | 9 791 | Empl. Ret. Inc. Security Act | | | X 890 | Other Statutory Actions |

**VI.   CAUSE OF ACTION**   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTION STATUTES UNLESS DIVERSITY.)

28 USC §1452(A) §1334(B) and Federal Bankruptcy Rule 9027

**VII.   REQUESTED IN COMPLAINT:**     CHECK IF THIS IS A **CLASS ACTION**     **DEMAND $**     Check YES only if demanded in complaint:
9   UNDER F.R.C.P. 23                                                                   **JURY DEMAND:**   9 YES   9 NO

**VIII.   RELATED CASE(S) IF ANY**     (See Instructions):     JUDGE   N/A         DOCKET NUMBER   N/A

DATE                                           SIGNATURE OF ATTORNEY OF RECORD

*FOR OFFICE USE ONLY*
RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE

0692373.01

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Glenn and Judith Cuthbert, 1882 Farmdale Rd., Jamison, PA 18929
Address of Defendant: Honeywell International, f/k/a Allied Signal, Inc., Columbia Road and Park Avenue, Morristown, New Jersey 07962
Place of Accident, Incident or Transaction: Asbestos Exposure in Pennsylvania and elsewhere
*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?    Yes X    No G

*RELATED CASE IF ANY*

Case Number: N/A    Judge N/A    Date Terminated: N/A

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    1.   Yes G   No G

2. Does this case involve the same issues of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    3.   Yes G   No G

4. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this Court?    5.   Yes G   No G

CIVIL: (Place : in *ONE CATEGORY ONLY*)

A. *Federal Question Cases:*
1. G  Indemnity Contract, Marine Contract, and All Other Contracts
2. G  FELA
3. G  Jones Act—Personal Injury
4. G  Antitrust
5. G  Patent
6. G  Labor-Management Relations
7. G  Civil Rights
8. G  Habeas Corpus
9. G  Securities Act(s) Cases
10. G  Social Security Review Cases
11. X  All other Federal Question Cases (please specify) 28 USC §1452, 1334(b); Bankruptcy Rule 9027(a)(3)

B. *Diversity Jurisdiction Cases:*
1. G  Insurance Contract and Other Contracts
2. G  Airplane Personal Injury
3. G  Assault, Defamation
4. G  Marine Personal Injury
5. G  Motor Vehicle Personal Injury
6. G  Other Personal Injury (Please specify)
7. G  Products Liability
8. G  Products Liability—Asbestos
9. G  All Other Diversity Cases (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Peter J. Neeson, Esquire, counsel of record do hereby certify:

X   Pursuant to Local Civil Rule 8, Section 4(a)(2), that, to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and costs;

G   Relief other than monetary damages is sought.

DATE: _____    **Peter J. Neeson, Esquire**    27601
                        **Attorney-at-Law**           Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____    _____    27601
                       **Attorney-at-Law**    Attorney I.D. #

CIV. 609(9/99)

0692373.01

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: __Glenn and Judith Cuthbert, 1882 Farmdale Rd., Jamison, PA 18929__
Address of Defendant: __Honeywell International, f/k/a Allied Signal, Inc., Columbia Road and Park Avenue, Morristown, New Jersey 07962__
Place of Accident, Incident or Transaction: __Asbestos Exposure in Pennsylvania and elsewhere__
*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?     Yes X   No ☐

*RELATED CASE IF ANY*

Case Number: __N/A__    Judge __N/A__    Date Terminated: __N/A__

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes ☐   No ☐

2. Does this case involve the same issues of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this Court?
    Yes ☐   No ☐

**CIVIL: (Place : in *ONE CATEGORY ONLY*)**

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act—Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. X All other Federal Question Cases (please specify) __28 USC §1452, 1334(b); Bankruptcy Rule 9027(a)(3)__

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability—Asbestos
9. ☐ All Other Diversity Cases (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, __Peter J. Neeson, Esquire__, counsel of record do hereby certify:

X   Pursuant to Local Civil Rule 8, Section 4(a)(2), that, to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and costs;

☐   Relief other than monetary damages is sought.

DATE: _____    **Peter J. Neeson, Esquire**    27601
                          **Attorney-at-Law**      Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____    _____    27601
                          **Attorney-at-Law**      Attorney I.D. #

CIV. 609(9/99)

0692373.01

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | |
|---|---|
| GLENN CUTHBERT and JUDITH CUTHBERT, h/w : <br> : <br> v.                               : <br> : <br> HONEYWELL INTERNATIONAL, INC. : <br> f/k/a ALLIED SIGNAL, INC., Successor : <br> in interest to BENDIX CORPORATION, : <br> et al.                              : | Civil Action: |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Manage Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus -- Cases brought under 28 U.S.C. § 2441 through § 2255    ( )

(b)  Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c)  Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 8.  ( )

(d)  Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e)  Special Management -- Cases that do not fall into tracts (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases) ( **X** )

(f)  Standard Management -- Cases that do not fall into any one of the other tracks. ( )

_____                               Attorney-at-law
      (Date)                                                            Attorneys for Defendant Honeywell International, Inc., f/k/a Allied Signal as successor in interest to Bendix Corporation

0692373.01

**RAWLE & HENDERSON** LLP
BY:    PETER J. NEESON, ESQUIRE     ATTORNEYS FOR DEFENDANT,
       STEWART R. SINGER, ESQUIRE              HONEYWELL INTERNATIONAL,
       JOHN C. McMEEKIN II, ESQUIRE            INC., F/K/A ALLIED SIGNAL, INC.,
ATTORNEY I.D. NO. 27601/62006/81250    SUCCESSOR-IN-INTEREST TO
THE WIDENER BUILDING                   BENDIX CORPORATION
ONE SOUTH PENN SQUARE
PHILADELPHIA, PA 19107
(215) 575-4200
R&H File No.: 516,265(Anapol)


UNITED STATES DISTRICT COURT
[EASTERN DISTRICT]


GLENN CUTHBERT and JUDITH          :
CUTHBERT, h/w                      :
                                   :
      v.                           :
                                   :
HONEYWELL INTERNATIONAL, INC.      :    Civil Action No.:
f/k/a ALLIED SIGNAL, INC., Successor :
in interest to BENDIX CORPORATION  :

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C § 1452
AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027**

TO:    ALL PARTIES ON ANNEXED SERVICE LIST

  Honeywell International, Inc., f/k/a Allied Signal, Inc., ("Honeywell"), as successor in interest to the Bendix Corporation ("Bendix"), by and through its undersigned counsel, Rawle & Henderson LLP, hereby gives notice of the removal to the United States District Court for the Eastern District of Pennsylvania of the claims that have been asserted against Honeywell in the action captioned <u>Glenn and Judith Cuthbert, h/w  v. Pneumo Abex Corp., et al</u>, now pending in the Common Pleas Court of the State of Pennsylvania, County of Bucks, with 2002 June Court Term and Number 90111.  This Notice of Removal is filed pursuant to 28 U.S.C. § 1452(a) and Rule 9027(a)(3) of the Federal Rules of Bankruptcy Procedure, and as grounds for such removal Honeywell respectfully states as follows:

0692373.01

1. On October 1, 2001 (the "Petition Date"), Federal-Mogul Global, Inc. (collectively "Federal-Mogul") filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware, commencing bankruptcy case number 01-10578.

2. The above referenced state action, which is "related to" the removed claims, was commenced on June 24, 2002, by the filing of a Summons & Complaint in the Court of Common Pleas of Bucks County.

3. The removed claims are for personal injury or wrongful death asserted against Honeywell. Honeywell, formerly known as Allied Signal Inc., is the successor in interest to Allied Corporation which, in turn, was the successor in interest to The Bendix Corporation. The Automotive Sector of Allied Signal Inc. was the business unit within Allied Signal Inc. which continued the "Bendix" line of automotive friction products.

4. Federal-Mogul, or companies acquired by Federal Mogul Global, Inc., are named as co-defendants of Honeywell in this action.

5. The plaintiff(s) in the above referenced action have asserted that joint and several liability arises as to each named co-defendant in this action.

6. As a result, in the above referenced action Honeywell has either affirmatively asserted a cross-claim for indemnification and/or contribution against Federal-Mogul, or such a cross-claim against Federal-Mogul arises automatically by operation of law.

7. Conversely, Federal-Mogul has also either affirmatively asserted a cross-claim for indemnification and/or contribution against Honeywell, or such a cross-claim against Honeywell arises automatically by operation of law.

8. The above referenced claims for personal injury asserted against Honeywell, as well as the cross-claims asserted by Honeywell and the corresponding cross-claims asserted by Federal-Mogul, may be removed to this Court pursuant to 28 U.S.C. § 1452(a). Removal of these claims is proper because the removed claims are: asserted in a civil action; not exempt from removal; and this Court has subject matter jurisdiction over the removed claims pursuant to

0692373.01

28 U.S.C. §1334 due to the fact that these cross-claims asserted by and against Honeywell are "related to" Federal-Mogul's bankruptcy proceeding. See In re Dow Corning Corp., 86 F.3d 482, 494 (6th Cir. 1996) (holding that Section 1334(b) "related to" subject matter jurisdiction exists over actions for indemnification and contribution claims asserted by non-debtor co-defendants against the debtor).

9.  Removal to this Court is timely pursuant to Rule 9027 (a)(3) of the Federal Rules of Bankruptcy Procedure in that the claims in the civil action are "related to" the October 1, 2001, Federal-Mogul bankruptcy case, and this Notice has been filed within thirty days after: (1) receipt of the initial pleading setting forth the claim or cause of action sought to be removed, or (2) receipt of the summons, if the initial pleading has been filed with the court but not served with the summons.

10. Consent of the other named co-defendants is not necessary for removal pursuant to 28 U.S.C. § 1452. See Creasy v. Coleman Furniture Corp., 763 F.2d 656, 660 (4th Cir. 1985). Further, a cost bond is not required to accomplish this removal.

11. Upon removal, the proceedings with respect to the removed claims are non-core. Honeywell does not consent to entry of a final order or judgment by the bankruptcy judge to the extent the bankruptcy court is authorized to hear or determine such claims consistent with 28 U.S.C. § 157(b)(5).

12. On December 17, 2001, Honeywell filed a Motion to Transfer, pursuant to 28 U.S.C. § 157 (b)(5) (the "Transfer Motion"), with the United States District Court for the District of Delaware asking that Court to issue a provisional order to transfer the above referenced removed claims for a consolidated resolution of the threshold scientific question, by means of a Daubert hearing, whether the plaintiffs in the underlying actions can establish that automotive friction products containing encapsulated asbestos fibers can be the proximate cause of certain asbestos-related medical disorders. See 28 U.S.C. § 157(b)(5) (1994); Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993); In re Dow Corning Corp., 86 F.3d at 496-97 (holding that 28 U.S.C. § 157(b)(5) vests the power to fix venue over personal injury or wrongful

0692373.01

death actions pending against non-debtor co-defendants which are "related to" a debtor's bankruptcy proceeding, pursuant to 28 U.S.C. § 1334(b), with the district court where the bankruptcy case resides). See Exhibit "A."

13. On December 19, 2001 the Honorable Alfred M. Wolin of the United States District Court for the District of Delaware issued an Order in favor of Honeywell that: (1) partially withdrew the reference; and (2) provisionally transferred the Friction Product claims to the United States District Court for the District of Delaware, (the "Provisional Order"), subject to further Orders of that Court. See Exhibit "B."

14. On January 4, 2002 the Honorable Alfred M. Wolin of the United States Bankruptcy Court for the District of Delaware issued an Order (the "Clarification Order"), that clarified the Provisional Order by extending the provisional transfer of Friction Product claims to include claims that would have been subject to the Provisional Order, but had not yet been removed on the date of the Provisional Order. See Exhibit "C."

15. On February 8, 2002 the Honorable Alfred M. Wolin of the United States Bankruptcy Court for the District of Delaware issued an Order (the "Remand Order"), granting plaintiffs' Motion for Remand. See Exhibit "D."

16. On February 11, 2002 the Honorable Anthony J. Scirica of the United States Court of Appeals for the Third Circuit issued an Order temporarily granting an Emergency Motion for Stay (the "Stay Order"), pending appeal of the Remand Order by appellants. See Exhibit "E."

17. On March 19, 2002, the Honorable Anthony J. Scirica of the United States District Court of Appeals for the Third Circuit issued an Order (the "Stay Clarification Order"), that clarified that the Stay Order issued on February 11, 2002 applies to all appellants and to all removed claims before the Delaware District Court. See Exhibit "F."

18. On March 25, 2002, Chief Judge Becker of the Third Circuit Court of Appeals issued an order establishing a briefing schedule and set June 17, 2002, as the date to hear oral argument on the appeal (the "Scheduling Order"). See Exhibit "G."

0692373.01

19. A copy of the Scheduling Order also provides that "[t]he temporary stay entered by this Court on February 11, 2002, as clarified by the Order of March 19, 2002, will remain in effect until further order of the merits panel." <u>See</u> Exhibit "G."

20. Honeywell respectfully submits that the effect of the stay pending appeal is to leave in place the previous transfer orders issued by the Delaware District Court. Because the Remand Order has been stayed, the Delaware District Court's provisional transfer order is still the operative order, and all claims removed by Honeywell continue to be provisionally transferred automatically to Delaware.

21. Accordingly, pursuant to Judge Weiner's Order dated April 12, 2002 (the "Abstention/Remand Order") "all pending motions for abstention and remand are denied without prejudice . . . [t]he cases are administratively dismissed, subject to reinstatement following the determination of the bankruptcy issyes by Judge Wolin and any subsequent appeals thereto." <u>See</u> Exhibit "H."

22. A copy of this Notice of Removal and related documents have been served by regular mail on counsel of record for all represented parties and upon all unrepresented parties to the action pending in state court.

                                                Respectfully submitted,
                                                **RAWLE & HENDERSON LLP**

                              By:_____
                                  Peter J. Neeson, Esquire
                                  Stewart R. Singer, Esquire
                                  John C. McMeekin II, Esquire

0692373.01

                                    Honeywell International, Inc., f/k/a Allied Signal as successor in interest to Bendix Corporation

Dated:

0692373.01

## CERTIFICATION OF STATE COURT
## RECORDS, PLEADINGS AND PROCEEDINGS

    I, Peter J. Neeson, Esquire; Stewart R. Singer, Esquire; John C. McMeekin, Esquire; of full age, certify that on this day, we attached to the Notice of Removal as Exhibit "I", a copy of all of the appropriate records, pleadings and proceedings in the State Court as requested by this Court.

                                          Respectfully submitted,

                                          **RAWLE & HENDERSON LLP**

                       By:_____
                                Peter J. Neeson, Esquire
                                Stewart R. Singer, Esquire
                                John C. McMeekin II, Esquire
                                Honeywell International, Inc., f/k/a Allied
                                     Signal as successor in interest to
                                Bendix Corporation

Dated:

0692373.01

## CERTIFICATION OF SERVICE

I, Peter J. Neeson, Esquire/Stewart R. Singer, Esquire/John C. McMeekin II, Esquire, of full age, hereby certify that on this day, I caused a true and correct copy of Defendant's Notice to Remove Pursuant to 28 U.S.C. 1452 of the United States Code and Rule 9027(a)(3) of the Federal Rules of Bankruptcy Procedure to be served on all counsel listed below as follows.

**VIA HAND DELIVERY**

Lawrence R. Cohan, Esquire
Anapol Schwartz Weiss Cohan Feldman & Smalley
1900 Delancey Place
Philadelphia, PA 19103
**Attorney for Plaintiffs**

Steven B. Kantrowitz, Esquire
Kantrowitz & Phillippi, LLC
Centre Square West
1500 Market Street, Suite 4210
Philadelphia, PA 19102
**Attorney for Pneumo Abex Corporation**

John F. Kent, Esquire
Kent & McBride, P.C.
Two Logan Square, Suite 600
18th and Arch Streets
Philadelphia, PA 19103
**Attorney for A-Best Products**

Robert W. Rowan, Esquire
Gollatz, Griffin & Ewing, P.C.
Two Penn Center, 16th Floor
15th and JFK Boulevard
Philadelphia, PA 19102
**Attorney for A.C.&S., Inc.**

M. Douglas Eisler, Esquire
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
The Curtis Center, Suite 1130 East
Independence Square West
Philadelphia, PA 19106
**Attorney for A.W. Chesterton**

Norman L. Haase, Esquire

0692373.01

Swartz, Campbell & Detweiler
115 North Jackson Street
Media, PA 19063
**Attorney for Brand Insulations, Inc.**

John J. Delany, III, Esquire
Delany & O'Brien
Constitution Place
325 Chestnut Street, Suite 1212
Philadelphia, PA 19106
**Attorney for Combustion Engineering**

Walter H. Swayze, III, Esquire
Segal, McCambridge Singer & Mahoney, Ltd.
1515 Market Street, Suite 450
Philadelphia, PA 19102
**Attorney for Congoleum Corporation**

Joseph R. Glancy, Esquire
Stack & Stack
1600 Locust Street
Philadelphia, PA 19103
**Attorney for Crown, Cork & Seal**

Tracey M. McDevitt, Esquire
Reilly, Janiczek & McDevitt, P.C.
The Widener Building, Suite 520
One South Penn Square
Philadelphia, PA 19107
**Attorney for Foster Wheeler Corporation**

Fredric L. Goldfein, Esquire
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103
**Attorney for Garlock, Inc.**

Daniel Segal, Esquire
Hangley, Aronchick, Segal & Pudlin
One Logan Square
Philadelphia, PA 19103
**Attorney for General Refractories Company**


Edward J. Wilbraham, Esquire

0692373.01

Wilbraham, Lawler & Buba
Suite 3100, 1818 Market Street
Philadelphia, PA 19103
**Attorney for Georgia Pacific Corporation**

Mark Lionetti, Esquire
Hollstein, Keating, Cattell, Johnson & Goldstein, P.C.
Eight Penn Center
1628 JFK Boulevard, Suite 2000
Philadelphia, PA 19103
**Attorney for Hajoca Plumbing Company**

Sharon L. Caffrey, Esquire
Duane Morris LLP
One Liberty Place, Suite 4200
Philadelphia, PA 19103-7396
**Attorney for IMO Industries**

Joseph M. O'Neill, Esquire
Marks, O'Neill, Reilly, O'Brien & Courtney, P.C.
1880 JFK Blvd., Suite 1200
Philadelphia, PA 19103
**Attorney for Mahoning Valley Gasket Company**

Basil A. DiSipio, Esquire
Lavin, Coleman, Finarelli & Gray
Penn Mutual Tower
510 Walnut Street, 12th Floor
Philadelphia, PA 19106
**Attorney for Minnesota Mining & Mfg. Company**

Eric J. Kadish, Esquire
McCarter & English
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103
**Attorney for Owens Illinois, Inc.**

Mark MacDonald, Esquire
Jenkins Robinson Wolf & Rubinate
Public Ledger Building
Sixth and Chestnut Streets, Suite 500
150 South Independence Mall West
Philadelphia, PA 19106
**Attorney for Palmetto Products**

C. James Zeszutek, Esquire

0692373.01

Thorp, Reed & Armstrong
One Oxford Centre, 14th Floor
301 Grant Street
Pittsburgh, PA 15219-1425
**Attorney for Pfizer, Inc. and Quigley Company**

Richard C. Polley, Esquire
Dickie, McCamey & Chilcote
Two PPG Place, Suite 400
Pittsburgh, PA 15222-5402
**Attorney for Rapid American**

R. Thomas McLaughlin, Esquire
Kelly, McLaughlin & Foster
1617 JFK Boulevard, Suite 1690
Philadelphia, PA 19103
**Attorney for Riley Stoker**

Daniel J. Ryan, Jr., Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut St.
Philadelphia, PA  19103
**Attorney for Rockbestos-Surprenant Cable Corp.**

Bruce S. Haines, Esquire
Hangley, Aronchick, Segal & Pudlin
One Logan Square
Philadelphia, PA  19103
**Attorney for Uniroyal, Inc.**

0692373.01

Bruce H. Bikin, Esquire
Gail A. Weber, Esquire
Montgomery, McCracken, Walker & Rhoads
123 South Broad Street
Philadelphia, Pa  19109
**Attorney for Magnetek, Inc.**

                              Respectfully submitted,
                              **RAWLE & HENDERSON** LLP

By:_____
       Peter J. Neeson, Esquire
       Stewart R. Singer, Esquire
       John C. McMeekin II, Esquire
       Honeywell International, Inc., f/k/a Allied
           Signal as successor in interest to
           Bendix Corporation

Dated:

0692373.01